Carl E. VANOVER, Gunnery Sergeant, U.S. Marine Corps, Appellant,

v.

E.D. CLARK, Lieutenant Colonel, Military Judge, and Colonel Peter Pace, Convening Authority, U.S. Marine Corps, Appellees.

Misc. No. 89–06.
NMCM No. 88 4627M.

U.S. Court of Military Appeals.

Dec. 23, 1988.

For Clark: *Major R.H. Zales, USMC* (argued); *Captain Wendell A. Kjos, JAGC, USN* (on brief).

For Vanover: *Lieutenant Daniel W. Dooher, JAGC, USNR* (argued); *Captain A.D. Strotman, USMC* (on brief); *Lieutenant Jeffrey S. Horowitz, JAGC, USNR.*

*Opinion of the Court*

SULLIVAN, Judge:

Appellant filed a petition for extraordinary relief in the nature of a writ of mandamus with the United States Navy-Marine Corps Court of Military Review. He sought an order from that court dismissing all court-martial charges against him which were then pending before a special court-martial at Marine Corps Combat Development Command, Quantico, Virginia. This request was denied without prejudice on November 23, 1988. He subsequently filed a similar petition for extraordinary relief with this Court which was docketed as a writ-appeal petition under Rule 4(b)(2), Rules of Practice and Procedure, United States Court of Military Appeals. *See Ellis v. Jacob*, 26 MJ 90, 91 n. 2 (CMA 1988). On further request of appellant, this Court stayed court-martial proceedings in this case, and oral argument was heard on December 12, 1988. Upon due consideration of this matter, we grant the writ-appeal petition but order only a portion of the relief requested therein.

■ Appellant raises the following questions in his petition:

I

WHETHER THE CONVENING AUTHORITY IMPROPERLY WITHDREW CHARGES FROM A COURT–MARTIAL AND REFERRED THEM TO A SECOND COURT–MARTIAL WITH THE INTENT TO INTERFERE WITH THE ACCUSED'S CONSTITUTIONAL AND CODAL RIGHTS AND THE IMPARTIALITY OF THE COURT–MARTIAL.

II

WHETHER THE TRIAL COUNSEL'S OVERALL CONDUCT IN THIS CASE RESULTED IN IMPERMISSIBLE COMMAND INFLUENCE OR CONSTITUTES PROSECUTORIAL MISCONDUCT AMOUNTING TO A DENIAL OF DUE PROCESS.

We hold, more narrowly, that the Government has not shown withdrawal of the original charges in this case and their subsequent referral with additional charges to a different special court-martial complied with R.C.M. 604(b), Manual for Courts-Martial, United States, 1984. *See United States v. Walsh*, 22 USCMA 509, 47 CMR 926 (1973). We further hold that the decision below denying extraordinary relief in this case without prejudice to normal appellate review was erroneous. *See Petty v. Moriarty*, 20 USCMA 438, 43 CMR 278 (1971).

In their briefs both parties agreed that the following facts give rise to this matter:

On 6 July 1988, a single charge of larceny with two specifications thereunder was preferred against [Vanover] and referred to a special court-martial on 14 July 1988.

On 7 September 1988, the military judge, Lieutenant Commander D. H. Myers, called the court to order in an Article 39(a) session in which [Vanover] was arraigned (R. 7). On the 7th, 27th, and 28th of September 1988, Judge Myers heard extensive evidence concerning the admissibility of several checks written by [Vanover] and returned for insufficient funds. After ruling that such checks were inadmissible under Mil. R.Evid. 403, Judge Myers granted the prosecutor a continuance to pursue an appeal of his ruling under R.C.M. 908.

On 25 October 1988, trial and defense counsel appeared before a different military judge, [Lieutenant Colonel] Clark, where the prosecutor withdrew the original larceny charge over the defense objection.

On 31 October 1988, three charges were preferred against [Vanover]. One charge was for a violation of the UCMJ, Article 121 with two specifications; this charge was identical to the original larceny charge preferred on 6 July 1988. A second charge was for a violation of the UCMJ, Article 123(a) with seven specifications; this charge concerned the seven checks Judge Myers had previously ruled inadmissible ( ...corresponding respectively to specifications 1 through 7 under

Charge III of the charge sheet before the second court). The third charge was for a violation of the UCMJ, Article 108 with a single specification for the willful loss of medical health records; this charge would necessitate the removal of [Vanover]'s detailed defense counsel from the case.

On 4 November 1988, this new charge sheet was referred to a special court-martial that was called to order by [Judge Clark] on 21 November 1988. Petitioner was arraigned over defense objection.

On 21 and 22 November 1988, [Judge Clark] heard evidence on a motion to dismiss all charges because [the convening authority] was an accuser and because the original larceny charge had been improperly withdrawn and referred to another court-martial.

On 22 November 1988, [Judge] Clark denied the defense motion to dismiss. [Vanover] was then forced to request that his original detailed defense counsel, Captain L. K. Meyer, be removed from the case as a possible witness concerning the charged loss of [Vanover]'s medical records. [Vanover] then requested an individual military counsel, Captain A. D. Strotman [who] was immediately made available and the case was recessed until 1 December 1988.

\*　　\*　　\*　　\*　　\*　　\*

On 23 November 1988, the Navy-Marine Corps Court of Military Review denied extraordinary relief.

We also note that on October 18, 1988, the Director, Appellate Government Division, Navy-Marine Corps Appellate Review Activity, decided not to file trial counsel's appeal of the first judge's ruling. *See* JAGMAN 0131.

R.C.M. 604(a) states:

*Withdrawal.* The convening authority or a superior competent authority may for any reason cause any charges or specifications to be withdrawn from a court-martial at any time before findings are announced.

This provision is not new to military law, and it reflects the broad scope of prosecutorial power traditionally afforded the convening authority. *See* W. Winthrop, *Military Law and Precedents* 155–56 (2d ed. 1920 Reprint); para. 5*a*, Manual for Courts-Martial, U.S. Army, 1928; para. 5*a*, Manual for Courts-Martial, U.S. Army, 1949. *See generally United States v. Baker*, 14 MJ 361, 364–65 (CMA 1983).

R.C.M. 604(b) states:

*Referral of withdrawn charges. Charges which have been withdrawn from a court-martial may be referred to another court-martial unless the withdrawal was for an improper reason.* Charges withdrawn after the introduction of evidence on the general issue of guilt may be referred to another court-martial only if the withdrawal was necessitated by urgent and unforeseen military necessity.

(Emphasis added.) This provision also is not new to military law, and it reflects limitations on the prosecutorial power of the convening authority. *See Wade v. Hunter*, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949); para. 56, Manual for Courts-Martial, United States, 1951; para. 56, Manual for Courts-Martial, United States, 1969 (Revised edition). *See generally Cooke v. Orser*, 12 MJ 335 (CMA 1982). We have consistently scrutinized conduct by prosecutorial authorities in this sensitive area. *See* D. Schlueter, *Military Criminal Justice* § 8.5 at 227–28 (2d ed. 1987).

█ In the case before us, the practical effect of the convening authority's withdrawal and rereferral action was that the first military judge's ruling based on Mil.R. Evid. 403 was overturned. *See Petty v. Moriarty, supra* at 441, 43 CMR at 281. Contrary to that judge's ruling, evidence of appellant's alleged bad-check offenses will at the very least be paraded before the members during their consideration of the larceny charges at the second court-martial. *See generally United States v. Hogan*, 20 MJ 71, 73 (CMA 1985). Nevertheless, the Government argues that these re-

ferral actions are not a subterfuge for judicial interference, but instead, are a mere "coincidence" resulting from lawful command action. *See United States v. Lord,* 13 USCMA 78, 80–81, 32 CMR 78, 80–81 (1962). *Cf. United States v. Williams,* 11 USCMA 459, 29 CMR 275 (1960). Coincidence or not, we hold that the failure of the second military judge to adequately dispel appearances of evil in this critical context warrants extraordinary action on our part. *See United States v. Walsh, supra* at 512, 47 CMR at 929.

■ In this regard, we note that appellant asserted at trial, *inter alia,* that the withdrawal and subsequent referral of the larceny charges along with five additional bad-check offenses to a second court-martial violated R.C.M. 604(b). He asserted that trial counsel alone or in conjunction with the convening authority accomplished these referral actions for the improper purpose of circumventing a ruling by the judge at the first court-martial which did not favor the Government. The defense also averred that trial counsel unfairly influenced a defense character witness, interferred with appellant's relationship with his attorney, and attempted to secure a trial judge more favorable to the Government's case. Consequently, he requested that trial counsel, Captain Goncharoff, be called as a witness on this motion to dismiss. The military judge, however, repeatedly refused defense's request for this witness because he determined his testimony was not necessary or relevant. He also held that the burden of proof on this motion was on the defense and, surprisingly, permitted this same trial counsel to essentially testify without cross-examination during his final argument on this motion. The judge then denied appellant's motion.

■ The relevance of trial counsel's testimony with respect to these averments simply cannot be gainsaid. Mil.R.Evid. 403. *See United States v. Hagen,* 25 MJ 78, 85–86 (CMA 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1015, 98 L.Ed.2d 981 (1988). Moreover, it was wrong for the trial judge to refuse to permit the defense to call trial counsel as a witness on these matters and yet permit him to substantially testify without cross-examination. Art. 46, UCMJ, 10 USC § 846; *United States v. Clifton,* 15 MJ 26, 29 (CMA 1983). Accordingly, swift action on our part is required to avoid egregious error and ensure timely compliance with the law by the court-martial. *See United States v. Walsh, supra* at 512, 47 CMR 929.

■ We hold that the additional charges concerning the bad checks and medical records must be dismissed without prejudice at appellant's second court-martial.* Furthermore, the ruling of Judge Myers excluding government evidence of these other crimes is binding at this court-martial. We are confident that the military judge will comply with these holdings. Thus, it is not necessary at this time to issue a writ of mandamus.

The writ-appeal petition is granted.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed. The record of trial is returned to the court-martial for further proceedings.

The stay granted on November 30, 1988, is hereby dissolved.

Chief Judge EVERETT and Judge COX concur.

---

* This places appellant in the same position he occupied before withdrawal of the original charge of larceny. *See United States v. Hardy,* 4 MJ 20, 25–26 (CMA 1977). This is not a jurisdictional matter. *United States v. Blaylock,* 15 MJ 190, 192–93 (CMA 1983).