UNITED STATES, Appellee,

v.

John L. KOKE, Lance Corporal U.S. Marine Corps, Appellant.

Nos. 66,702.

NMCM 89 4087.

U.S. Court of Military Appeals.

Argued Jan. 8, 1992.

Decided July 7, 1992.

For Appellant: *Jonathan P. Tomes* (argued).

For Appellee: *Lieutenant Commander Lawrence W. Muschamp*, JAGC, USN (argued); *Colonel T.G. Hess*, USMC (on brief); *Commander Thomas W. Osborne*, JAGC, USN and *Lieutenant Kirk A. Ludwig*, JAGC, USNR.

*Opinion of the Court*

CRAWFORD, Judge:

Appellant asserts that the convening authority improperly withdrew the charge of involuntary manslaughter from a prior general court-martial. We disagree.

I

On January 23, 1989, appellant was arraigned at a general court-martial on a charge of involuntary manslaughter of a Marine, PFC David L. Jones, and a charge of aggravated assault by pointing a loaded rifle at a Korean Air Force private on three occasions, in violation of Articles 119 and 128, Uniform Code of Military Justice, 10 USC §§ 919 and 928, respectively. Appellant's parents, who traveled from the United States to the Republic of Korea at their own expense, were present at the first day of trial.

Following arraignment, but before assembly of the court, the military judge granted a defense motion to reopen the Article 32[1] investigation of the charge of aggravated assault because the evidence was not supported by sworn testimony.

---

1. Uniform Code of Military Justice, 10 USC § 832.

The defense also moved to sever the charge of involuntary manslaughter from the charge of aggravated assault. Trial counsel asked for a recess to contact the convening authority before proceeding. The military judge said that, unless there was a withdrawal, he was "strongly inclined to grant" the severance motion. Defense counsel unsuccessfully objected to the recess.

Later, trial counsel announced that the convening authority had orally withdrawn all charges. The judge granted the motion to reopen the Article 32 investigation. Trial defense counsel objected to the convening authority's orally withdrawing all charges during the recess in the trial. This withdrawal was confirmed in writing on January 24, 1989, but did not set forth any reasons for the withdrawal.

The Government attempted to reopen the Article 32 before appellant's parents left Korea, but could not arrange transportation for some participants from Japan to Korea until after they left. Following the new Article 32 investigation in which the previous charge of involuntary manslaughter was summarily blessed by the investigating officer, both the original charge of aggravated assault and another charge of aggravated assault were referred against appellant.

On February 6, 1989, a new military judge granted a motion to dismiss both charges of aggravated assault for lack of jurisdiction. The defense then moved to dismiss the remaining charge because of an improper second referral. Assistant trial counsel responded to a defense objection to the second referral by stating that "the Government, the convening authority, had as a key basis in its action the concept of judicial economy; that is all charges against the accused should be tried together in the same forum." Assistant trial counsel's representation is supported by the staff judge advocate's "Supplementary Pretrial Advice" regarding the second referral, which recites the following:

> In this case, the military judge had entered several rulings, as a [sic] summarized in the enclosure. The effect of this decision would have resulted in the severance of the allegation of involuntary manslaughter and the allegation of aggravated assault resulting in possibly two separate forums. In the discussion to R.C.M. 401(c) ..., it is recommended that all known charges against an accused be disposed of at a single forum. To preserve this concept, the withdrawal of all charges and specifications, was directed by the Commander, 1st Marine Aircraft Wing.

(Enclosure omitted.)

This motion was denied. All trial personnel (except the judge) who gathered in Korea for the session on January 23, 1989, were also present for the second trial on February 6, 1989, except for appellant's parents who had departed for the United States and were unable to return to Korea for the trial.

## II

■ RCM 604(a), Manual for Courts-Martial, United States, 1984, provides that "[t]he convening authority ... may for any reason" withdraw "charges ... from a court-martial at any time before findings are announced." This is a general restatement of the law that existed prior to 1984 and was based on paragraphs 5a (6) and 56a, Manual for Courts-Martial, United States, 1969 (Revised edition). Drafters' Analysis, 1984 Manual, *supra* at A21–28. This withdrawal may be done without leave of court. The discussion to RCM 604(b) indicates that, when there has been a withdrawal and re-referral, "the reasons for the withdrawal and later referral should be included in the record of the later court-martial, if the later referral is more onerous to the accused." [2]

---

2. The discussion to RCM 604(b) is based on *United States v. Hardy*, 4 MJ 20 (CMA 1977). I believe that at an appropriate time we should look at the "pedigree," that is, the Manual or Codal basis for *Hardy*, to determine if there is a requirement therein to set forth the reasons for withdrawal.

This provision was satisfied when the reasons for withdrawal were set forth at trial by trial counsel. The withdrawal was for the purpose of judicial economy by trying all known charges in a single trial. While the charges arose from incidents in Korea where some witnesses and participants were located, other witnesses and participants were from Japan. At the time of withdrawal, the specification alleged aggravated assaults on three separate occasions but might have included six separate incidents. Thus, trial counsel stated that the withdrawal and combination of charges at a single trial would save time and money because of the locations of the witnesses and participants. There was no evidence of an attempt to thwart the ruling of the military judge, *Vanover v. Clark*, 27 MJ 345 (CMA 1988); but the referral of an additional offense placed a "more onerous" burden on appellant, *United States v. Blaylock*, 15 MJ 190 (CMA 1983); *United States v. Hardy*, 4 MJ 20 (CMA 1977).

Any potential unfairness to appellant because his parents could not return was eliminated by the stipulation of fact as to their testimony during sentencing. Certainly appellant had no absolute right to his parents' presence at government expense. *United States v. Combs*, 20 MJ 441, 442 (CMA 1985).

### III

As to the second issue regarding alleged serious flaws in the post-trial process, we conclude that the accused was not prejudiced during the post-trial stages by the recommendation of the staff judge advocate or action of the convening authority. A new staff judge advocate responded to the challenge to the withdrawal/re-referral during the post-trial stage, and we agree with the court below when it "discern[ed] no reasonable basis for attributing to the convening authority a personal involvement or interest other than official in this case." 32 MJ 876, 882 (1991).

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judges COX, GIERKE, and WISS, concur.

SULLIVAN, Chief Judge (dissenting):

The portrait of military justice painted in this case is not very flattering. The parents of an accused servicemember mortgage their home in Chicago, Illinois, so they can travel to and participate in their son's court-martial in Korea. Once arriving at the situs of the court-martial, they were informed that the command would not conduct this trial as scheduled or before they had to return home. I do not join my fellow judges' condonation of this type of command action or any suggestion that it can be lawfully accomplished without consideration of the fairness of the withdrawal and re-referral to appellant. *See generally* RCM 604(b), Manual for Courts–Martial, United States, 1984.[1]

The Court of Military Review found "that the withdrawal of" the charges in this case "was not done for a proper reason within the meaning of RCM 604(b)." 32 MJ 876, 882 (1991). Senior Judge Mitchell's opinion for that court clearly identified the convening authority's failure to articulate an adequate reason for this command action.[2] He noted the fact that an addition-

---

1. **Rule 604. Withdrawal of charges**
   (a) *Withdrawal.* The convening authority or a superior competent authority may for any reason cause any charges or specifications to be withdrawn from a court-martial at any time before findings are announced.
   (b) *Referral of withdrawn charges.* Charges which have been withdrawn from a court-martial may be referred to another court-martial *unless the withdrawal was for an improper reason.* Charges withdrawn after the introduction of evidence on the general issue of guilt may be referred to another court-martial only if the withdrawal was necessitated by urgent and unforeseen military necessity.
   (Emphasis added.)

2. I also am concerned with the author judge's unnecessary questioning of this Court's decisions in *United States v. Blaylock*, 15 MJ 190, 192 (CMA 1983), and *United States v. Hardy*, 4 MJ 20, 25 (CMA 1977). *Cf. United States v. Jackson*, 1 MJ 242, 243 (CMA 1976). Here, the

al charge of aggravated assault was later referred with the withdrawn charges (*see* RCM 601(e)(2)) and the fact that the parents' personal efforts to aid their son's defense were thwarted. In sum, he concluded that the standard Manual joinder policy and its economic considerations were not a sufficient reason for withdrawal and re-referral in these circumstances. *See generally United States v. Fleming*, 18 USCMA 524, 40 CMR 236 (1969).[3] I agree with the fairness analysis of the court below and thus conclude that RCM 604(b) was violated in this case. *See* RCM 604(b), Discussion.[4]

An improper referral, however, does not deprive a court-martial of jurisdiction, and this Court may properly examine the record to determine the prejudicial impact of such command action. *See generally United States v. Blaylock*, 15 MJ 190, 192 (CMA 1983). In this regard, I agree with

the court below (32 MJ at 882) that a servicemember has no absolute right to the presence of his mother and father at government expense at his court-martial. *See United States v. Combs*, 20 MJ 441, 442 (CMA 1985). However, I simply cannot equate that situation to the present case where appellant's parents made great expenditures and sacrifices to actually appear at their son's court-martial in a foreign country. Final Brief at 13. Moreover, I do not find unreasonable appellant's post-trial claim that his parents' absence at his second trial resulted in his receiving a dishonorable discharge rather than a bad-conduct discharge. Accordingly, I would reduce his sentence to the lesser punitive discharge as an appropriate remedy for the improper withdrawal and referral action. *See generally Vanover v. Clark*, 27 MJ 345 (CMA 1988).

(Emphasis added.)

4. Discussion
    *Improper reasons for withdrawal include an intent to interfere with the free exercise by the accused of constitutional or codal rights*, or with the impartiality of a court-martial. A withdrawal is improper if it was not directed personally and independently by the convening authority or by a superior competent authority.
(Emphasis added.)

commanding officer complied with the written justification requirement of those decisions but the reasons he provided were found by the Court of Military Review to be inadequate.

3. *See* RCM 604(a), Discussion, Manual for Courts–Martial, United States, 1984, which states:
    Charges which are withdrawn from a court-martial should be dismissed (*see* RCM 401(c)(1)) unless it is intended to refer them anew promptly or to forward them to another authority for disposition.
    Charges should not be withdrawn from a court-martial arbitrarily *or unfairly to an accused*. *See also* subsection (b) of this rule.