# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Jaason M. LEAHR
### Aviation Survival Technician Second Class (E-5), U.S. Coast Guard

### CGCMG 0283
### Docket No. 1365

### 22 October 2013

General Court-Martial convened by Commander, Force Readiness Command. Tried at New Orleans, Louisiana, on 8-9 November 2011, and at Norfolk, Virginia, on 28 November - 2 December 2011.

| | |
|---|---|
| Military Judge: | CAPT Michael E. Tousley, USCG |
| Trial Counsel: | LT Brendan T. Gavin, USCG |
| Assistant Trial Counsel: | LT Kelly C. Blackburn, USCGR |
| Detailed Defense Counsel: | LT Patrick K. Korody, JAGC, USN |
| Assistant Defense Counsel: | LT Anna E. Steel, USCGR |
| Appellate Defense Counsel: | LT Jonathan C. Perry, USCGR |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |

### BEFORE
### McCLELLAND, McGUIRE & HAVRANEK
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial composed of officer and enlisted members. Contrary to his pleas, Appellant was convicted of one specification of larceny, in violation of Article 121, Uniform Code of Military Justice (UCMJ); four specifications of assault consummated by battery, in violation of Article 128, UCMJ; and two specifications of wrongfully communicating a threat, in violation of Article 134, UCMJ. The court sentenced Appellant to confinement for three months, reduction to E-1, and a bad-conduct discharge. The Convening Authority approved the sentence.

Before this court, Appellant has assigned the following errors:

I.  The military judge erred in failing to find that the Government violated R.C.M. 707 and subsequently failed to dismiss the affected charges.

II. The Government's re-referral of charges at the trial level was in violation of R.C.M. 604(b) because they were previously withdrawn for an improper reason.

III. The military judge erred in denying Appellant's motion at trial for dismissal of charges without prejudice and disqualification of the Legal Service Command and the Convening Authority due to unlawful command influence.

We discuss the first two issues. We summarily reject the third; the military judge did not err in finding that there was no unlawful command influence. We find no error and affirm.

## Facts

Charges were preferred against Appellant on 1 March 2011. Those charges were referred to trial by general court-martial on 16 June 2011. Appellant was arraigned on the charges on 7 July 2011, and a motion was heard on that date. On 1 September 2011, the Convening Authority signed a document titled "Withdrawal and Dismissal of Charges against AST2 Jaason M. Leahr, USCG." This document begins, "The charges and specifications referred to a general court-martial on 16 June 2011 in the case of United States v. AST2 Jaason M. Leahr, USCG, are hereby withdrawn and dismissed without prejudice." The document goes on to explain that an allegation of another charge was discovered in August 2011. It concludes, "In anticipation of the possibility that this new allegation will cause AST2 Leahr to become the subject of a newly preferred additional charge which would warrant referral to a court-martial, I desire that the accused to be tried on all charges at a single trial to best serve the interests of justice and promote judicial economy."

A new charge sheet was preferred on 6 September 2011. The charges and specifications were essentially the same as those on the charge sheet that had been withdrawn and dismissed, with the addition of one more specification. An investigation under Article 32, UCMJ, was conducted on 29 September 2011. The charges were referred to trial by general court-martial on 12 October 2011. Appellant was arraigned on the new charges on 8 November 2011, and was eventually tried on the new charges and convicted of some of them.

**Speedy trial issue**

Rule for Courts-Martial (R.C.M.) 707, Manual for Courts-Martial, United States (2008 ed.), requires that an accused be arraigned within 120 days after preferral of charges, among other possible starting points not germane here.  R.C.M. 707(a).  A failure to comply with this requirement will result in dismissal of the charges, upon timely motion by an accused.  R.C.M. 707(d).

If charges are dismissed, a new 120-day period begins on the date of repreferral, if any.  R.C.M. 707(b)(3)(A).[1]

Appellant contends, as he did at trial, that the Convening Authority's action of 1 September 2011 was only a withdrawal of charges and not a dismissal, and that therefore the speedy trial clock continued to run, soon exceeding R.C.M.'s 120 days.[2]

This contention, which flies in the face of the clear language of the 1 September 2011 document, finds a bit of support in the record.  First, the referral of the second charge sheet includes the following language after identifying the court-martial to which the charges are being referred: "subject to the following instructions: to be tried in conjunction with the charge sheet ICO AST Leahr, referred 16 Jun 2011."  Second, the Article 32 investigation that occurred on 29 September 2011 considered only the new specification, according to the report thereof dated 7 October 2011.  This complied with the direction in the Convening Authority's appointment order dated 6 September 2011.

The instruction to try the new charges in conjunction with the old charge sheet made no sense, since the old charge sheet had been withdrawn from court-martial.  Further, it made no sense in that the new charge sheet duplicated the charges on the old charge sheet.  We do not see this instruction as illuminating the document of 1 September 2011.

---

[1] Apparently, this is so whether dismissal is by a military judge or by a convening authority.

[2] Withdrawal of the charges surely erased the effect of arraignment. *See United States v. Britton*, 26 M.J. 24 (C.M.A. 1988).

As for the Article 32 investigation being limited to the new specification, the appointment order explains that the other "alleged misconduct" had been investigated at a previous Article 32 hearing. Whether this sufficed as a matter of law is a question that could have been raised by the defense, but it was not raised and is unnecessary for us to consider. It suffices to say that we do not view this feature of the appointment order as showing that the Convening Authority had not intended to dismiss the first charge sheet.

Appellant argues that the language of the document of 1 September 2011, "withdrawal and dismissal," does not bind us, citing *United States v. Britton*, 26 M.J. 24, 26 (C.M.A. 1988), and *United States v. Tippit*, 65 M.J. 69, 78-80 (C.A.A.F. 2007). In *Britton*, contrary to Appellant's argument, the court found the convening authority's language determinative; since the only language used was withdrawal, there was no dismissal and the speedy trial clock continued to run. The remainder of the discussion in *Britton* showed that the surrounding events were consistent with withdrawal without dismissal, merely confirming that the action taken was limited to withdrawal. In *Tippit*, by contrast, the case had never been referred to court-martial, so use of the term "withdrawal" required interpretation; the court interpreted it from the circumstances as meaning dismissal.

Appellant also argues that dismissal contemplates that an accused no longer faces charges, citing *Britton*, whereas in our case the document of 1 September 2011 shows that the Convening Authority never intended for Appellant to no longer face charges. We reject the notion that this logic supersedes the Convening Authority's plain language in the document of 1 September 2011.

We conclude that the Convening Authority dismissed the charges that had been preferred on 1 March 2011. Those charges and their date are irrelevant to the determination of whether Appellant was brought to trial on the new charges, preferred on 6 September 2011, within the requirements of R.C.M. 707, the speedy trial rule. The military judge did not err in denying Appellant's motion to dismiss for violation of R.C.M. 707.

**Re-referral of charges**

R.C.M. 604(b) provides, "Charges which have been withdrawn from a court-martial may be referred to another court-martial unless the withdrawal was for an improper reason." A proper reason under R.C.M. 604(b) is a legitimate command reason which does not unfairly prejudice an accused in light of the particular facts of the case. *United States v. Underwood*, 50 M.J. 271, 276 (C.A.A.F. 1999). A withdrawal for the purpose of judicial economy by trying all known charges in a single trial is not improper. *United States v. Koke*, 34 M.J. 313, 315 (C.M.A. 1992).

Appellant argues that the withdrawal of charges from the original court-martial was for an improper reason, precluding re-referral.

The military judge found that the Government's motivation was "to meet the spirit of the RCM-601 joinder direction[3] and there was no other underlying purpose. . . . I am convinced that greater judicial and cost efficiencies were the goal of the government in conducting the withdrawal and re-referral." (R. at 205.) This finding was not clearly erroneous. His finding of no appreciable prejudice to Appellant, too, was well-founded. He did not err in denying Appellant's motion to dismiss based upon improper withdrawal and re-referral of charges.

We conclude that the withdrawal of charges was not improper and re-referral was likewise not improper.

---

[3] "Ordinarily all known charges should be referred to a single court-martial." R.C.M. 601(e)(2) Discussion.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges McGUIRE and HAVRANEK concur.

For the Court,



L.I. McClelland
Chief Judge