# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

**Nicholas J. FAIR**
**Fireman (E-3), U.S. Coast Guard**

**CGCMG 0300**
**Docket No. 1390**

**21 December 2015**

General Court-Martial convened by Commander, Thirteenth Coast Guard District.  Tried at Seattle, Washington, on 13 September 2013.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LT Benjamin M. Robinson, USCG |
| Assistant Trial Counsel: | LT Jesse L. Houck, USCG |
| Military Defense Counsel: | LT Sarah R. Dorsett, JAGC, USN |
| Assistant Defense Counsel: | LT James P. Kaiser, USCG |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |

**BEFORE**
**MCCLELLAND, NORRIS & ALDANA**
Appellate Military Judges

MCCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of making a false official statement, in violation of Article 107, Uniform Code of Military Justice (UCMJ); one specification of indecent conduct in violation of Article 120, UCMJ; two specifications of possessing child pornography, one specification of attempting to receive child pornography, and one specification of violating Oregon Revised Statute § 167.007 by wrongfully agreeing to engage in sexual conduct in return for a fee, all conduct of a nature to bring discredit upon the armed forces in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for forty-eight months, reduction to E-1, and a dishonorable

discharge.  In accordance with the pretrial agreement, the Convening Authority approved confinement for eighteen months and reduction to E-1, and mitigated the dishonorable discharge to a bad-conduct discharge.[1]


Before this court, Appellant has assigned the following errors:

I.      The Government withdrew charges to avoid an adverse ruling by the Military Judge and improperly referred them to another court-martial.

II.     Appellant's pleas to Specifications 1 and 7 of Charge III were improvident because the Military Judge failed to define child pornography, including the age of a "minor."

III.    Appellant's plea to the Additional Charge was improvident because it alleged a violation of the incorrect state law.

IV.    Appellant's plea to Specification 1 of Charge II, indecent visual recording, was improvident because the subject did not have a reasonable expectation of privacy.

V.     The Staff Judge Advocate's Recommendation addendum failed to acknowledge the legal errors raised by the defense and is therefore insufficient under R.C.M. 1106(d)(4).[2]


We reject the first and fifth assigned errors, and also reject the second with respect to Specification 1 of Charge III.  We dismiss three specifications and affirm the sentence.


**Withdrawal of charges, re-preferral, and re-referral**

Charges were first preferred against Appellant on 4 February 2013.  The charges were investigated pursuant to Article 32, UCMJ, and referred to general court-martial on 17 April 2013.  Among other motions, Appellant requested the military judge to order a new Article 32 investigation, in part because the Special Court-Martial Convening Authority had prohibited the Article 32 investigating officer from receiving certain evidence relevant to Charge II.  On that basis, the military judge "granted in part" the motion on 30 May 2013; the relief he provided was dismissal of Charge II without prejudice.

---

[1] On 11 May 2015, we remanded the case for clarification of the Convening Authority's action.  The case was returned to this Court on 9 June 2015 with a new action dated 21 May 2015.

[2] Rule for Courts-Martial 1106, Manual for Courts-Martial, United States (2012 ed.)

On 6 June 2013, the Convening Authority withdrew and dismissed Charges I and III without prejudice, "in light of" the military judge's 30 May 2013 order that dismissed Charge II. On 25 June 2013, new charges were preferred, essentially duplicating the 4 February 2013 charges and specifications.[3] On 22 July 2013, an additional specification was preferred. Appellant waived his right to an Article 32 investigation in a pretrial agreement signed 1 August 2013. The charges were referred to general court-martial on 4 September 2013. Appellant pleaded guilty on 13 September 2013 at a trial before a different military judge.

Appellant now labels his motion requesting a new Article 32 investigation an Unlawful Command Influence motion[4], and asserts that the withdrawal and dismissal of Charges I and III after the military judge's dismissal of Charge II was intended to "allow the case to be heard under a different military judge" than the one who had made an unfavorable ruling, thereby improperly circumventing the ruling.[5] This claim ignores the fact that the military judge's dismissal of Charge II was without prejudice. Since the ruling allowed Charge II to be re-preferred, followed by a new Article 32 investigation, the Government's action in re-preferring Charge II as well as Charges I and III did not circumvent the ruling and did not prejudice Appellant, but merely allowed the Government to try all known charges in a single trial. This is permissible. *United States v. Koke*, 34 M.J. 313, 315 (C.M.A. 1992).

Moreover, Appellant did not raise this issue at trial, but pleaded guilty unconditionally. Even if the guilty plea did not fully waive the issue, there was no error, much less plain error, in the Government's proceeding on all the charges in a single trial. The issue is rejected.

### Absence of definitions in plea of guilty to child pornography offense

Appellant asserts that "the military judge's failure to inform Appellant of the multiple definitions related to a child pornography specification taints the entire providence inquiry with respect to Charge III, Specification 1 and Specification 7."

---

[3] Specifications on the second charge sheet that were different from or additions to the first charge sheet were eventually dismissed pursuant to the pretrial agreement.

[4] We reject the unfounded notion that the motion was based on a claim of Unlawful Command Influence.

[5] Appellant brief at 7.

Specification 1 of Charge III, under Article 134, UCMJ, alleges that Appellant wrongfully and knowingly possessed child pornography. Specification 7 of Charge III alleges that Appellant wrongfully and knowingly attempted to receive child pornography.

The legal standard for determining whether a guilty plea is provident is whether the record presents a substantial basis in law or fact for questioning it. *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008). To plead providently, an accused must understand how the law relates to the facts. *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 18 USCMA 535, 538-39, 40 C.M.R. 247, 250-51 (1969)). Failure by the military judge to explain the elements of each charged offense constitutes reversible error, unless "it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." United States v. Redlinski, 58 M.J. 117, 119 (C.A.A.F. 2003).

The Government concedes that it is "technically true" that the military judge did not provide Appellant with such definitions as "minor," "child pornography," "possession," "lascivious," "visual depiction," or "sexually explicit conduct" during the providence inquiry on Specification 1 of Charge III.[6] However, the Government asserts that "[t]he record shows that, for each definition that the Appellant claims was missing from the inquiry, he explained in his own words what that term meant and how his conduct met the elements of the crime."[7] We agree. For example, as to whether the subjects of the images he possessed were minors, Appellant admitted, "The images depicted children that were under the age of 18." He also stipulated, "I believed the children in the images . . . were under the age of 18 because their bodies did not look developed, specifically their chests, genitals and faces. Most of them did not have pubic hair." (Prosecution Ex. 1 at 2.) Similarly, he testified and stipulated to other details that made it clear that his conduct fell within the definitions applicable to the offense alleged. Hence there is no substantial basis for questioning his guilty plea to Specification 1.

---

[6] Response brief at 14.
[7] Id. at 15.

As to Specification 7 of Charge III, the Government concedes that the military judge did not explain the elements of an attempt, including taking a substantial step toward the attempted offense (that is, doing an overt act that amounted to more than mere preparation), and therefore Appellant did not providently plead to that specification. We will set aside the finding of guilty to Specification 7. The military judge determined that Specifications 6 and 7 of Charge III constituted unreasonable multiplication of charges for sentencing.[8] (R. at 17.) Thus, the sentence would not have been less without Specification 7.

### Other improvident specifications

Appellant was charged under Article 134, UCMJ, with wrongfully agreeing to engage in sexual conduct with a certain woman in return for a fee, in violation of Oregon Revised Statute § 167.007. He pleaded guilty to this specification. During the providence inquiry, he stated that he would be paying the fee to the woman. (R. at 50.)

Appellant now argues that he was charged with the wrong Oregon statute. The Government concedes that the allegation, and his testimony, do not describe a violation of Oregon Revised Statute § 167.007, but rather describe a violation of Oregon Revised Statute § 167.008, and that his plea to the specification was not provident. We will set aside the finding of guilty to the Additional Charge and its specification.

Appellant was also charged under Article 120, UCMJ, with indecent conduct by photographing someone with exposed genitalia without permission and contrary to her reasonable expectation of privacy. He pleaded guilty to this specification. He now asserts that the providence inquiry was insufficient because it did not include a discussion as to what constitutes a reasonable expectation of privacy. The Government concedes the issue. We will set aside the finding of guilty to the Charge II and its Specification 1.

We are certain that without these two specifications the sentence would not have been less than the approved sentence.

---

[8] Specification 6 of Charge III alleges possession of child pornography during the same period and on the same computer as are set forth in Specification 7.

**SJA recommendation upon allegation of legal error**

Appellant's R.C.M. 1105 submission requested specific clemency, and asserted several legal errors as well as matters in mitigation and extenuation to support his request. The Staff Judge Advocate (SJA) provided a supplemental Recommendation under R.C.M. 1106, dated 31 December 2013. In relevant part, it stated, "I have considered the clemency material provided by LT Dorsett and the reasons stated for the action requested by the defense. I find them without merit and my previous recommendation contained in my 20 December 2013 SJAR stands."

Appellant complains that this did not meet the minimal standard of R.C.M. 1106(d)(4), in that the SJA failed to specifically point out the allegations of legal error, as distinct from a routine request for mercy. We disagree. The assignment of error is rejected.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of Charge II and its Specification 1, Specification 7 of Charge III, and the Additional Charge and its specification are set aside; Charge II and its Specification 1, Specification 7 of Charge III, and the Additional Charge and its specification are dismissed. The remaining findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.[9] Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.

Judges NORRIS and ALDANA concur.



For the Court,

Sarah P. Valdes
Clerk of the Court

---

[9] On 15 December 2015, Appellant moved for expedited consideration of his case, and we granted the motion. In his Motion, Appellant asserts that he suffers prejudiced because of anxiety awaiting the results of his appeal, his employment search is being hampered by his lack of DD-214, and he is unable to close his Thrift Savings Plan account. Appellant has not requested relief beyond the expedited consideration of his case, and having considered his assertions of prejudice, we find no other relief warranted.