UNITED STATES, Appellee

v.

Jaason M. LEAHR, Aviation Survival Technician Second Class
U.S. Coast Guard, Appellant

No. 14-0265

Crim. App. No. 1365

United States Court of Appeals for the Armed Forces

Argued May 14, 2014

Decided July 25, 2014

RYAN, J., delivered the opinion of the Court, in which BAKER, C.J., and OHLSON, J., joined. STUCKY, J., filed a separate dissenting opinion, in which ERDMANN, J., joined.


Counsel

For Appellant: William E. Cassara, Esq. (argued); Lieutenant Cara J. Condit (on brief).

For Appellee: Lieutenant Commander Amanda M. Lee (argued).



Military Judge: Michael E. Tousley



**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge RYAN delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of larceny, four specifications of assault consummated by battery, and two specifications of wrongfully communicating a threat, in violation of Articles 121, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921, 928, 934 (2012), respectively. Appellant was found not guilty of burglary, in violation of Article 129, UCMJ, 10 U.S.C. § 929 (2012), and kidnapping, in violation of Article 134, UCMJ. The adjudged sentence provided for three months of confinement, reduction to E-1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

The United States Coast Guard Court of Criminal Appeals (CGCCA) affirmed the findings and sentence as approved by the convening authority. United States v. Leahr, No. 1365, slip op. at 6 (C.G. Ct. Crim. App. Oct. 22, 2013). We granted review of the following issues:

> I. WHETHER THE MILITARY JUDGE ERRED IN DENYING THE DEFENSE MOTION TO DISMISS FOR VIOLATION OF APPELLANT'S RIGHT TO SPEEDY TRIAL UNDER RCM 707.
>
> II. WHETHER THE GOVERNMENT'S WITHDRAWAL OF CHARGES AND RE-REFERRAL TO ANOTHER COURT-MARTIAL WAS IN VIOLATION OF RCM 604(b) BECAUSE THEY WERE PREVIOUSLY WITHDRAWN FOR AN IMPROPER REASON.[1]

---

[1] We also granted the following issue:

United States v. Leahr, 14-0265/CG

United States v. Leahr, 73 M.J. 234 (C.A.A.F. 2014) (order
granting review).

We conclude that Appellant's right to a speedy trial under
Rule for Courts-Martial (R.C.M.) 707 was not violated because
Appellant's original charges were dismissed.  Further, the
dismissal and re-referral of the charges to another court-
martial did not violate R.C.M. 604(b) because the dismissal was
for a proper reason.  Accordingly, we affirm the CGCCA's
decision.

## I.  FACTS

Charges were preferred against Appellant on March 1, 2011
(original charges), and an Article 32, UCMJ, 10 U.S.C. § 832
(2012), investigation was held on May 17 and 18, 2011.  The

---

III. WHETHER APPELLANT WAS DENIED A FAIR TRIAL WHEN
     THE MILITARY JUDGE TWICE SUGGESTED IN FRONT OF
     THE MEMBERS THAT APPELLANT WAS GUILTY, FIRST BY
     "THANKING" A WITNESS FOR HIS EFFORTS TO PROTECT
     THE VICTIM, AND THEN BY ASKING DEFENSE COUNSEL
     BEFORE FINDINGS WHETHER A WITNESS WOULD BE
     SUBJECT TO RECALL AS A "SENTENCING WITNESS."

Leahr, 73 M.J. at 234.  Although military judges should be
careful not to make such comments, when challenging a military
judge's impartiality on appeal the test is objective and
considers "whether, taken as a whole in the context of this
trial, a court-martial's legality, fairness, and impartiality
were put into doubt by the military judge's actions."  United
States v. Martinez, 70 M.J. 154, 157 (C.A.A.F. 2011) (internal
quotation marks omitted).  We cannot say that the comments here
present "deep-seated favoritism or antagonism" on behalf of the
military judge, see, e.g., Liteky v. United States, 510 U.S.
540, 555 (1994), and Appellant was not denied a fair trial based
on the military judge's comments.

3

charges were referred to trial by general court-martial on June 16, 2011. Appellant was arraigned on July 7, 2011, and a trial date was subsequently set for November 8, 2011, through the Case Management Order (CMO). Case Management Order #1, United States v. Leahr (July 1, 2011). On August 9, 2011, the Coast Guard Investigative Service (CGIS) learned of a new allegation against Appellant of assault consummated by battery. The military judge found that the earlier failure to investigate that altercation "was not negligent, but was reasonable . . . . The actual instigation of the investigation that led to the new charges [sic] occurred in the normal course of the government's preparing for the contingency to [sic] trial and was not unreasonable."[2]

Based on this new allegation, on September 1, 2011, the convening authority signed a document titled, "Withdrawal and Dismissal of Charges Against [Appellant]," which stated:

> The charges and specifications referred to a general court-martial on 16 June 2011 in the case of United States v. AST2 Jaason M. Leahr, USCG, are hereby withdrawn and dismissed without prejudice. . . . In anticipation of the possibility that this new allegation will cause [Appellant] to become the subject of a newly preferred additional charge which would warrant referral to a court-martial, I desire that the accused to be [sic] tried on all charges at a single trial to best serve the interests of justice and promote judicial economy.

---

[2] Appellant does not argue that this finding was clearly erroneous or unsupported by the record.

4

Appellant was notified that the charges were dismissed. Motion to Dismiss for Lack of Speedy Trial at 3, United States v. Leahr (C.G.C-M.G. Oct. 26, 2011).

On September 6, 2011, a new charge sheet was preferred, which contained the same charges and specifications as the first, but added an additional assault specification (additional charge) and included terminal element language in the three Article 134, UCMJ, specifications, which had not been included in the original specifications. Another Article 32, UCMJ, investigation was conducted on September 29, 2011, which only considered the additional charge. Appellant did not demand that the investigation consider all of the charges. On October 12, 2011, all charges were referred to trial by general court-martial.

On October 24, 2011, Appellant filed a motion to dismiss pursuant to R.C.M. 604(b). On October 26, 2011, Appellant filed a second motion to dismiss, this one for lack of a speedy trial, alleging that because the convening authority's action constituted a withdrawal, and not a dismissal, the R.C.M. 707 clock continued to run from the date of the original preferral on March 1, 2011, rendering the July 7, 2011, arraignment meaningless. Appellant was arraigned on November 8, 2011, and motions were litigated November 8 through 9, 2011. The military judge denied both motions finding, among other things, that the

withdrawal and dismissal of the original charges was valid and for a proper reason.  Trial commenced on November 28, 2011.

## II.  CGCCA DECISION

As relevant to our decision, Appellant argued before the CGCCA that the military judge both erred in failing to find that the Government violated R.C.M. 707 and in not finding that the Government's re-referral of charges violated R.C.M. 604(b) because the withdrawal was for an improper reason.  In affirming the findings and sentence, the CGCCA held that the military judge did not err in denying Appellant's motion to dismiss for violation of R.C.M. 707, relying on the fact that the convening authority dismissed the original charges, and thus, "[t]hose charges and their date are irrelevant to the determination of whether Appellant was brought to trial on the new charges . . . within the requirements of R.C.M. 707."  Leahr, No. ACM 1365, slip op. at 4.  The CGCCA further held that "the withdrawal of charges was not improper and re-referral was likewise not improper" because the military judge's finding that the reason for withdrawal and re-referral was "greater judicial and cost efficiencies" was not clearly erroneous.  Id. at 5 (internal quotation marks omitted).

### III.  DISCUSSION

#### A.

"The conclusion whether an accused received a speedy trial is a legal question that is reviewed de novo . . . ."  United States v. Cooper, 58 M.J. 54, 58 (C.A.A.F. 2003) (emphasis added) (quoting United States v. Doty, 51 M.J. 464, 465 (C.A.A.F. 1999) (internal quotation marks omitted)).

It is incumbent upon the government to arraign the accused within 120 days after the earlier of preferral of charges, the imposition of restraint, or entry on active duty.  R.C.M. 707 (a)–(b).  Where "charges are dismissed . . . a new 120-day time period under this rule shall begin on the date of dismissal." R.C.M. 707(b)(3)(A).  If charges are merely withdrawn and not subsequently dismissed, however, the R.C.M. 707 "speedy-trial clock continues to run."  United States v. Britton, 26 M.J. 24, 26 (C.M.A. 1988).

Appellant argues that the R.C.M. 707 clock continued to run from the date the original charges were preferred on March 1, 2011,[3] and that the arraignment on July 7, 2011, which stopped the R.C.M. 707 clock, was vitiated by the convening authority's action on September 1, 2011.  In his view, the action by the

---

[3] While varying conditions on Appellant's liberty were imposed at different times, Appellant does not argue that the R.C.M. 707 clock is tied to them; rather, he relies on those conditions as evidence that a dismissal did not occur.

convening authority on September 1, 2011, was a withdrawal, and not a dismissal, because: (a) conditions on Appellant's liberty remained in place; (b) the convening authority intended at all times to pursue charges against Appellant; (c) only five days elapsed between the purported dismissal and preferral of charges; and (d) the second Article 32, UCMJ, investigation considered only the additional charge.

In this case, if the convening authority dismissed the original charges on September 1, 2011, the dismissal reset the speedy trial clock and no violation under R.C.M. 707 occurred. R.C.M. 707(b)(3)(A). If, however, his action amounted to a withdrawal only, the speedy trial clock was not reset and the 190-day period between the initial preferral on March 1, 2011, and arraignment on all charges on November 8, 2011, violated R.C.M. 707. Britton, 26 M.J. at 26. On balance, we conclude that the convening authority intended to, and did, dismiss the original charges on September 1, 2011.

"The convening authority or a superior competent authority may for any reason cause any charges or specifications to be withdrawn from a court-martial at any time before findings are announced." R.C.M. 604(a). "Charges which are withdrawn from a court-martial should be dismissed (see R.C.M. 401(c)(1)) unless it is intended to refer them anew promptly or to forward them to another authority for disposition." R.C.M. 604(a) Discussion.

8

"When a commander dismisses charges further disposition under R.C.M. 306(c) of the offenses is not barred." R.C.M. 401(c)(1); see also Manual for Courts-Martial, United States, Analysis of the Rules for Courts-Martial app. 21 at A21-33 (2012 ed.) [hereinafter R.C.M. Drafters' Analysis] ("Dismissal of charges disposes of those charges; it does not necessarily bar subsequent disposition of the underlying offenses (see Analysis, R.C.M. 306(a))."). In order for a withdrawn charge to be dismissed, R.C.M. 604(a) contemplates that "an additional affirmative action will be taken by the convening authority." Britton, 26 M.J. at 26. "Charges are ordinarily dismissed by lining out and initialing the deleted specifications or otherwise recording that a specification is dismissed." R.C.M. 401(c)(1) Discussion.

In this case, the convening authority desired to join an additional charge, consonant with the preference for joinder of all known offenses at a single court-martial. R.C.M. 601(e)(2) Discussion. Because Appellant had been arraigned on the original charges, no such joinder was permissible, in the same trial, without his consent. R.C.M. 601(e)(2). While, as it turned out, the additional charge was ready for preferral five days later, this does not preclude withdrawing and dismissing the original charges absent an improper reason. See R.C.M 604 (b) and R.C.M. 604 Drafters' Analysis (noting that after

9

dismissal, "a later preferral and referral would raise the same issues as are discussed under subsection (b)," which allows referral "to another court-martial unless the withdrawal was for an improper reason"). Moreover, the original Article 134, UCMJ, specifications, which failed to allege the terminal element, were defective under this Court's case law. See Jones v. United States, 526 U.S. 227, 232 (1999); see also United States v. Ballan, 71 M.J. 28, 33 (C.A.A.F. 2012). Failing to include the terminal element in the specifications in this contested case warranted dismissal because such a specification is defective. See, e.g., R.C.M. 907(b)(1)(B); R.C.M. 603(d); see also R.C.M. 401(c)(1) Discussion (noting that "[i]t is appropriate to dismiss a charge and prefer another charge anew when, for example, the original charge failed to state an offense").

Unlike in Britton, in this case, the convening authority withdrew the original charges, and took more than one "additional affirmative action" to dismiss them. Britton, 26 M.J. at 26. First and foremost, the convening authority's September 1, 2011, document expressly stated that the charges were dismissed ("The charges and specifications . . . are hereby withdrawn and dismissed without prejudice.") -- a "recording that a specification [was] dismissed." R.C.M. 401(c)(1) Discussion. Second, Appellant was notified that the original charges were dismissed. See United States v. Tippit, 65 M.J.

10

69, 72, 78–79 (C.A.A.F. 2007) (noting that informing the appellant that the charges had been dismissed was important to finding a dismissal of charges). Taken together, these circumstances demonstrate that the convening authority intended to dismiss the charges after they were withdrawn. R.C.M. 604(a) Discussion.

While the second Article 32, UCMJ, investigation considered only the additional charge, this is precisely what the rules contemplate, absent the objection of the accused:

> If an investigation of the subject matter of an offense has been conducted before the accused is charged with the offense, and if the accused was present at the investigation and afforded the opportunities for representation, cross-examination, and presentation . . . no further investigation of that charge is necessary . . . unless it is demanded by the accused after he is informed of the charge.

Article 32(c), UCMJ. The record does not demonstrate that the accused demanded further investigation of the original charges.

It is true that the convening authority expressly stated the reason for the withdrawal and dismissal, and clearly contemplated further action against Appellant at some point in the future. But we disagree that the mere fact that a convening authority intends at the time of dismissal to pursue future action against an accused is dispositive as to whether a dismissal was intended and effective. Although some cases note that dismissal "contemplate[s] that the accused no longer faces

charges," Britton, 26 M.J. at 26, the rules clearly envision situations where repreferral is both anticipated and permitted. See R.C.M. 707(b)(3)(A)(i) ("If charges are dismissed . . . a new 120-day time period under this rule shall begin on . . . the date of repreferral."); R.C.M. 401(c)(1) Discussion. Britton noted that a convening authority's "withdrawal and re-preferral on the same day shows that his intent was not to dismiss the charges at all." 26 M.J. at 26. In Britton, however, the convening authority issued a clearly identified withdrawal and did not take additional action to dismiss the charges. See id. at 24–26. In Britton, the "convening authority did not act to dismiss," yet the government requested that the action nonetheless be treated equivalently to a dismissal for purposes of establishing the date of reinstitution of charges under R.C.M. 707(b). See id. at 26. As explained above, the circumstances in this case clearly indicate "an additional affirmative action" by the convening authority to dismiss the withdrawn charges. See id.

Nor does continued restraint vitiate a commander's expressed intent to dismiss charges. See United States v. Anderson, 50 M.J. 447, 448 (C.A.A.F. 1999) (finding that the dismissal of charges against an appellant restarted the speedy trial clock where the appellant remained in continued restraint and the charges were repreferred because "[e]ven though there is

12

continued restraint, a dismissal of the charges stops the 120–day clock and a new 120–day clock is started"); see also R.C.M. 707(b)(3).

When charges are dismissed, the R.C.M. contemplates that "[r]einstitution of charges requires the command to start over. The charges must be re-preferred, investigated, and referred . . . as though there were no previous charges or proceedings." Britton, 26 M.J. at 26. That is precisely what happened here, given that Appellant was present at the second Article 32, UCMJ, investigation, and did not demand further investigation of the original charges. Article 32(c), UCMJ. Absent a situation where a convening authority's express dismissal is either a subterfuge to vitiate an accused's speedy trial rights, or for some other improper reason, a clear intent to dismiss will be given effect. See R.C.M. 604 Drafters' Analysis ("Dismissal of charges disposes of those charges; it does not necessarily bar subsequent disposition of the underlying offenses, . . . although a later preferral and referral would raise the same issues as are discussed under subsection (b)."); see also Tippit, 65 M.J. at 79 ("[O]nce charges are dismissed, absent a subterfuge, the speedy-trial clock is restarted." (alteration in original)). In that light, we note that the original arraignment was well within the time period contemplated by R.C.M. 707, the military judge found

there were valid reasons for the late discovery and investigation of the new charge, Appellant was arraigned for a second time on the date the original CMO set for trial, and the trial itself occurred just three weeks later.  While the convening authority might have sought Appellant's permission both to add an additional charge, see R.C.M. 601(e)(2), and to make major amendments to the original Article 134, UCMJ, specifications to add the terminal elements, see R.C.M. 603(d), there is no requirement that he do so, and withdrawal and dismissal were appropriate means available to effectuate those ends.

Appellant agrees that if the September 1, 2011, action was a dismissal, he was brought to trial within the time parameters of R.C.M. 707.  Having concluded that the convening authority withdrew and dismissed the charges on September 1, 2011, the military judge did not err in denying the R.C.M. 707 motion.

B.

Appellant also contends that the re-referral of the original charges violated R.C.M. 604(b) because the withdrawal was for an improper reason.

This Court reviews interpretations of R.C.M. provisions de novo.  United States v. Hunter, 65 M.J. 399, 401 (C.A.A.F. 2008).  R.C.M. 604(a) states that "[t]he convening authority . . . may for any reason cause any charges or

14

specifications to be withdrawn from a court-martial at any time before findings are announced."  "Charges which have been withdrawn from a court-martial may be referred to another court-martial unless the withdrawal was for an improper reason." R.C.M. 604(b); see also R.C.M. 604 Drafters' Analysis ("Dismissal of charges . . . does not necessarily bar subsequent disposition of the underlying offenses . . . although a later preferral and referral would raise the same issues as are discussed under subsection (b).").

A proper reason for withdrawal is "a legitimate command reason which does not 'unfairly' prejudice an accused."  United States v. Underwood, 50 M.J. 271, 276 (C.A.A.F. 1999).  This Court has previously found "withdrawal . . . for the purpose of judicial economy by trying all known charges in a single trial" to be proper where an accused was not unfairly prejudiced. United States v. Koke, 34 M.J. 313, 315 (C.M.A. 1992). "Ordinarily all known charges should be referred to a single court-martial."  R.C.M. 601(e)(2) Discussion; see also R.C.M. 401(c) Discussion ("If charges are referred to a court-martial, ordinarily all known charges should be referred to a single court-martial.").

Here, the convening authority stated that the withdrawal was out of "anticipation of the possibility that this new allegation will cause [Appellant] to become the subject of a

newly preferred additional charge" and out of a desire for Appellant "to be tried on all charges at a single trial to best serve the interests of justice and promote judicial economy." This reasoning aligns with the proper reason of promoting judicial economy and referring all known charges to a single court-martial. See Koke, 34 M.J. at 315; R.C.M. 601 Discussion. Consequently, under the facts of this case, the convening authority's reasoning for the withdrawal and subsequent dismissal was proper.

Additionally, the withdrawal and dismissal did not unfairly prejudice Appellant. In Underwood, this Court found that withdrawal and re-referral of charges did not prejudice the appellant where the second court-martial was the same type as the first, the same military judge presided over the second court-martial, the appellant did not "lose the benefit of a favorable trial ruling," the appellant "was not in pretrial confinement during the withdrawal and re-referral process," and the appellant made no motion at the second court-martial based on prejudicial delay. 50 M.J. at 276.

This case presents a similar fact pattern. The new charges, like the dismissed charges, were referred to a general court-martial. The charges were not referred to a new military judge, nor did Appellant lose the benefit of favorable rulings. Although Appellant remained subject to conditions on his liberty

16

during the period between withdrawal and re-referral, he was not in confinement. Lastly, the delay did not harm Appellant's ability to present his defense at the second court-martial.

Appellant nonetheless argues that the withdrawal of charges was improper because the convening authority's reason was to circumvent R.C.M. 601(e)(2)'s joinder rule. Under this rule, while "[a]dditional charges may be joined with other charges for a single trial at any time before arraignment," "[a]fter arraignment of the accused upon charges, no additional charges may be referred to the same trial without consent of the accused." R.C.M. 601(e)(2) (emphasis added).

The problem with Appellant's argument, however, is the fact that the convening authority also dismissed the charges after the withdrawal. Once charges are dismissed, "[r]einstitution of charges requires the command to start over" at a new trial, Britton, 26 M.J. at 26, which is precisely what happened here.

## IV. DECISION

The decision of the United States Coast Guard Court of Criminal Appeals is affirmed.

17

United States v. Leahr, No. 14-0265/CG

STUCKY, Judge, with whom ERDMANN, Judge, joins (dissenting):

I agree with the majority that the Government may withdraw and reprefer charges for the lawful purpose of "judicial economy" and that the Government demonstrated no nefarious purpose in prosecuting the case against Appellant. In my view, though, the convening authority's "withdrawal and dismissal" was too ambiguous to be understood as an effective dismissal. Under the circumstances of this case, the convening authority only accomplished withdrawal.

Where "it is intended to refer [charges] anew promptly," withdrawal rather than dismissal is appropriate. R.C.M. 604(a) Discussion. The convening authority's stated purpose of withdrawing charges on September 1, 2011, was "[i]n anticipation of" possible repreferral of charges joined by a new charge from the fresh allegation. All his actions support this anticipation of prompt repreferral. Thus, withdrawal was the correct action in this case, and it is not clear that the convening authority intended the separate and distinct action of dismissal.

The factors that this Court identified in United States v. Britton, 26 M.J. 24, 25-26 (C.M.A. 1988), indicate that the convening authority only withdrew charges here. First, the convening authority did not clearly act to dismiss the charges. His confluence of "withdraw[ing] and dismiss[ing]" charges

indicates that he did not necessarily acknowledge the difference and the legal effect of the two distinct actions.  When the convening authority repreferred charges, he stated they were "to be tried in conjunction with" the first charges, but the new charges were nearly identical to the first set except for one additional specification.  The convening authority's statement is nonsensical because if the new charges were meant to add on to the first set of charges, they would be duplicative; and they could not be tried together with the first set because those had purportedly been withdrawn.

The majority relies upon two facts to show "affirmative action" that the convening authority took:  (1) he dismissed charges and (2) Appellant was notified that the original charges were dismissed.  United States v. Leahr, __ M.J. __, __ (10) (C.A.A.F. 2014).  Each of these facts is mischaracterized.  The convening authority signed a document titled "Withdrawal and Dismissal of Charges Against AST2 Jaason M. Leahr, USCG," and then he gave a copy of that contradictory document to Appellant.  Motion to Dismiss for Lack of Speedy Trial at 3-4, United States v. Leahr, (C.G.C-M.G. Oct. 26, 2011).  Neither fact substantiates the claim that the convening authority's action was clear.

Second, very little time -- merely five days, only two of which were business days -- passed between withdrawal and

repreferral of charges here. This is a longer time than in Britton, 26 M.J. at 26, when charges were withdrawn and repreferred on the same day, but not enough time to determine whether the convening authority had dismissed charges when he withdrew them and clearly "intended to refer them anew promptly." See R.C.M. 604(a) Discussion.

Third, the accused remained under the same constraints as when the first charges were preferred and he was never returned to full duty status. See Britton, 26 M.J. at 26 ("Dismissal . . . contemplate[s] that the accused no longer faces charges, that conditions on liberty and pretrial restraint are lifted, and that he is returned to full-time duty with full rights as accorded to all other servicemembers."). In United States v. Anderson, 50 M.J. 447, 448 (C.A.A.F. 1999), the convening authority clearly dismissed charges against an accused, and this Court held that continued imposition of restraint did not undermine that clear action. Here, though, the convening authority took no clear action. Rather, three days before withdrawing charges, the convening authority stated that the conditions on Appellant's liberty would "continue to apply" (emphasis added). The Government's argument that a new charge of "grabbing and squeezing [a woman's] arm," necessitated imposition of restraint on Appellant -- apart from the original charges -- is unpersuasive. And rather than being returned to

3

full duty status, Appellant was reassigned on temporary duty to Sector Mobile and assigned to work out of his rating; he did not return to a supervisory role or to his position as a rescue swimmer.

In Britton, we concluded that if a convening authority wants to pursue previously dismissed charges at court-martial, "[t]he charges must be re-preferred, investigated, and referred in accordance with the Rules for Courts-Martial, as though there were no previous charges or proceedings." Britton, 26 M.J. at 26. In Appellant's case, preferred, investigated, and referred charges were withdrawn, then repreferred and rereferred, but not investigated except for the one additional charge. Britton requires that all three steps must be started anew. 26 M.J. at 26. It is true that an accused may waive this right, see Article 32(c), UCMJ, 10 U.S.C. § 832 (2012), but in this case it was not "as though" they were new charges for which Appellant waived the Article 32 investigation. Britton, 26 M.J. at 26. On the whole, the analysis of the Britton factors demonstrates that the convening authority accomplished nothing more than withdrawal of charges.

Withdrawal of charges does not reset the speedy trial clock under R.C.M. 707. Because the Government violated Appellant's rights by bringing him to trial more than 120 days after the original preferral of charges against him, Appellant is entitled

4

to a dismissal of charges.  See R.C.M. 707(d).  Considering the age of this case, the proper remedy would be to dismiss the charges with prejudice.  See United States v. Dooley, 61 M.J. 258, 264 (C.A.A.F. 2005) (holding that the military judge did not abuse his discretion in dismissing charges with prejudice under R.C.M. 707(d), in part because reprosecution would only cause further delay and because the appellant already served his adjudged sentence to confinement, so the Government had diminished interest in reprosecuting him).

I respectfully dissent.